UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  07-22080-CIV-MORENO**

OMAR R. OSAHAR,

      Plaintiff,

vs.

JOHN  POTTER,  Postmaster  General  of  The
United States Postal Service,

      Defendant.

_____/

**ORDER GRANTING MOTION TO DISMISS AND**
**ORDER DENYING ALL PENDING MOTIONS AS MOOT**

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Second Amended

Complaint **(D.E. No. 16)**, filed on **January 18, 2008** and Plaintiff's Response to the Motion to

Dismiss **(D.E. No. 19)**, filed on **February 1, 2008**.  The Court has also reviewed the Plaintiff's

Complaint **(D.E. No. 1)** filed on **August 13, 2007**, Plaintiff's Amended Complaint **(D.E. No. 7)**,

filed on **October 29, 2007**, Plaintiff's Second Amended Complaint **(D.E. No. 10)**, filed on

**November 19, 2007**, and Plaintiff's Final Amended Complaint **(D.E. No. 22)** filed on **February 4,**

**2008**.  Because the Court finds that Plaintiff fails to state a claim, the Court dismisses the case

without prejudice.

**BACKGROUND**

This is Plaintiff's tenth lawsuit against the United States Postal Service.  In this action, as in

his prior actions, Plaintiff claims that he is the victim of race discrimination, unlawful retaliation,

disparate treatment, and a breach of his collective bargaining agreement.  Plaintiff, Osahar, is an

African-American male proceeding *pro se*, who has worked for the United States Postal Service for more than 30 years as an electronics technician.  Plaintiff complains that Defendant selected a less senior electrician for training and for overtime.  Plaintiff also complains that he was forced to paint a tub as an act of retaliation.  During the period at issue, there are no allegations that Plaintiff suffered a reduction in wages or benefits.

## LEGAL STANDARD

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff.  *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.  Pleadings by *pro se* plaintiffs, however, are  held to a less stringent standard and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## LEGAL ANALYSIS

### 1. Failure to State a Claim

Plaintiff's various complaints filed in this case violate Rule 8(a)(2), Federal Rules of Civil Procedure.  That Rule requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's dizzying and largely incoherent complaints attempt to set forth eight  causes of action, but none of them comes close to stating a claim upon

which relief may be granted.  In his First and Second Claims for Relief, Plaintiff alleges that he was denied employment opportunities on account of his race and in retaliation for his prior equal employment opportunity actions.  Plaintiff, however, does not identify any facts establishing any racial discrimination or retaliation by the Postal Service.  He merely claims, as he did in prior suits, that he was not selected for training and overtime.  Similarly in his Third Claim for Relief, Plaintiff alleges a "lost [sic] of liberty of seniority and or qualifications due to breach of union contract and unfair representation," but fails to specify which  provisions of the union contract were breached.  Plaintiff's Fourth Claim for Relief appears to take issue with the enforcement of a Collective Bargaining Agreement, but fails to provide any indication as what portions of that Agreement he invokes or why Defendant is liable for the lack of enforcement.  Plaintiff's Fifth Claim for Relief seems to repeat the Second Claim based on retaliation, but again fails to provide any facts as to the nature of the retaliation against him.   Plaintiff's Sixth Claim is one for disparate treatment and likewise lacks factual allegations that if proven would entitle Plaintiff to relief. Plaintiff's Seventh and Eighth claims regurgitate Plaintiff's prior issues with enforcement of the Collective Bargaining Agreement and the Postal Service's decision not to select Plaintiff for training or for additional overtime.  In short, Plaintiff has failed to plead facts that entitle him to relief and thus his complaints violate Rule 8(a)(2).

Although Rule 8(a)(2) does not require a plaintiff to set forth detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action will not do. *Id.*  "Furthermore, the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative

level. . ." *Mills v. Foremost Ins. Co.*, ___ F.3d ___ (11th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1965).  In his Final Amended Complaint as in prior versions of the complaint, Plaintiff does nothing more than provide a list of claims and legal conclusions.  Instead of alleging facts, Plaintiff quotes case law *ad nauseam* and refers to a seemingly endless array of his prior grievances.  Plaintiff provides no factual allegations whatsoever to support any of his eight purported causes of action.  The Eleventh Circuit has referred to such complaints as "shotgun pleadings" and rejected them for failing to comply with Rule 8(a)(2), Federal Rules of Civil Procedure.  *See Lampkin-Asam v. Volusia County Sch. Bd.*, 2008 WL 80708, *2 (11th Cir.  Jan. 9, 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)).  Although *pro se* plaintiffs are usually given extra leeway in drafting their pleadings, even a *pro se* plaintiff must "adequately link a cause of action to its factual predicates" to satisfy Rule 8(a)(2).  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006).  Plaintiff here has failed in that regard.

The Court is cognizant of Defendant's argument that amendment is futile in this particular case.  Because the Plaintiff is *pro se* and this is the first time the Court is advising Plaintiff that his complaints as written fail to state a claim, the Court grants the Plaintiff one more opportunity to amend his complaint.  *See Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001) (finding that court failed to provide meaningful opportunity to amend when it merely accepted an amended complaint filed as a matter of course).  If that complaint does not pass muster, the Court will dismiss the case with prejudice.  Plaintiff shall file an amended complaint by no later than **February 27, 2008**.

## CONCLUSION

Defendant's Motion to Dismiss the Amended Complaint is GRANTED.  Plaintiff's

complaint is dismissed without prejudice for failure to state a claim upon which relief will be

granted.  It is also

ADJUDGED that Plaintiff may file an amended complaint in this action by no later than

**February 27, 2008**.  If Plaintiff fails to file a complaint or if the amended complaint fails to state

a claim, the Court will dismiss the case with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th  day of February, 2008.


_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE


Copies provided to:

Omar Osahar, *Pro Se*
10941 S.W. 143 Terrace
Richmond Heights, Florida 33176-6554

Carlos Raurell, AUSA