

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-22080-CIV-MORENO

OMAR R. OSAHAR,

    Plaintiff,

vs.

JOHN POTTER, Postmaster General of The
United States Postal Service,

    Defendant.
_____/

## ORDER DISMISSING CASE AND
## ORDER DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon a *sua sponte* review of Plaintiff's Court-Ordered Amended Complaint **(D.E. No. 30)** filed on **February 27, 2008**. On February 19, 2008, the Court issued an Order Dismissing Plaintiff's case without prejudice and ordered Plaintiff to file an amended complaint in compliance with the Court's Order. To date, the Court has allowed Plaintiff to file six amended complaints. The Court has reviewed each complaint. The Court now finds that allowing Plaintiff another opportunity to amend would be futile and dismisses this case.

## LEGAL ANALYSIS

*1. Failure to State a Claim*

Plaintiff's latest Amended Complaint fails to comply with Rule 8(a)(2) and is largely repetitive of his last five complaints. In the Court's February 19, 2008 Order, the Court examined each of Plaintiff's eight claims for relief for compliance with Rule 8(a)(2). The Court determined that none of the eight claims formed a viable cause of action. The February 27, 2008 Amended

Complaint does not differ from Plaintiff's prior versions.  Indeed, it only adds a ninth and a tenth claim for relief, each repeating language from the prior eight counts.  The Court's February 19, 2008 Order warned Plaintiff that the Court would dismiss his case with prejudice if the final amended complaint failed to comply with Rule 8(a)(2).  For the reasons stated in the Court's February 19, 2008 Order, Plaintiff fails to state a claim upon which relief could be granted and this case is dismissed. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) ("A formulaic recitation of the elements of a cause of action will not do. ");  *Mills v. Foremost Ins. Co.*, ___ F.3d ___ (11th Cir. 2008) ("Furthermore, the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level. . ."); *Lampkin-Asam v. Volusia County Sch. Bd.*, 2008 WL 80708, *2 (11th Cir.  Jan. 9, 2008) (rejecting shot-gun pleadings) .

### *2. Amendment would be futile.*

As noted in this Court's prior order, this is Plaintiff's tenth lawsuit against his employer. This particular case raises similar claims as those  raised in *Osahar v. Postmaster General of U.S. Postal Service, United States of America, Attorney General*,  Case No. 04-22267-CIV-MORENO (granting summary judgment), and affirmed by *Osahar v. Postmaster General of U.S. Postal Service, United States of America, Attorney General*, Case No. 06-15613, (11th Cir. Jan. 15, 2008) (unpublished) ("Osahar I").   Additionally, the allegations are generally similar to *Osahar v. Postmaster General of U.S. Postal Service*, Case No. 06-22981-CIV-MORENO (granting motion to dismiss) ("Osahar II").  Indeed the only difference between those cases and this one appears to be the relevant time frame. In *Osahar I* and *Osahar II,* Plaintiff complains he was not selected for training and overtime in 2004 and in this case Plaintiff complains of a lack of training and overtime that occurred in 2006.

In *Osahar I*, the Eleventh Circuit reviewed Osahar's complaints about disparate treatment and retaliation, the same legal claims raised in this case. The Eleventh Circuit reviewing the same claims as are raised here affirmed this Court's grant of summary judgment. The denial of Plaintiff's requests to enroll in training that are the subject of this suit did not constitute an "adverse employment action" as required to succeed in a Title VII discrimination claim. In the alternative, the Eleventh Circuit affirmed this Court's holding that the Postal Service had legitimate, nondiscriminatory, nonretaliatory reasons for denying Plaintiff's requests for training and overtime. The Eleventh Circuit likewise affirmed the finding that Plaintiff failed to exhaust administrative remedies as to his claim that Defendant breached the collective bargaining agreement.

Because it appears that the allegations Plaintiff makes have already received review in *Osahar I* and *Osahar II* and Plaintiff has filed numerous complaints in this case in an attempt to state a claim, the Court finds that allowing Plaintiff another opportunity to amend would be futile. *Amnesty Int'l, USA v. Battle*, 484 F. Supp. 2d 1279, 1285 (S.D. Fla. 2007) (Huck, J.) (noting that leave to amend a complaint need not be given where there has been repeated failure to cure deficiencies by amendments previously allowed or when amendment would be futile). Accordingly, this case is dismissed.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of February, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Omar Osahar, *Pro Se*
10941 S.W. 143 Terrace
Richmond Heights, Florida 33176-6554

Carlos Raurell, AUSA